$350.00



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
------------------------------------------------------------------x

DAVID M. KOLLER

    Plaintiff,

-against-

RILEY RIPER HOLLIN & COLAGRECO

    Defendant.
------------------------------------------------------------------x

**COMPLAINT**

Civ. COMPLAINT

10   293

**JURY TRIAL IS DEMANDED**

Plaintiff, by his attorney, Mark D. Schwartz, Esquire, as and for his Complaint against the above-named defendant, alleges as follows:

### INTRODUCTORY STATEMENT

1. This is an action for damages sustained by DAVID M. KOLLER ("Plaintiff") against his former employer RILEY RIPER HOLLIN & COLAGRECO ("Defendant") for employment discrimination based on his disability and retaliation, pursuant to the Americans With Disabilities Act, as amended (42 U.S.C. §12101 *et seq.*) ("ADA"), the Family Medical Leave Act (29 U.S.C. §2601 *et seq.*), 42. U.S,C.§ 1981, Title VII of the Civil Rights Act of 1964, as amended ( 42 USC § 2000e *et seq.*) ("Title VII"), the Pennsylvania Human Relations Act, Act 222 of 1955, P.L. 744

1

as Amended through June 25, 1997 by Act 34 of 1997, P.L. 326, 43 P.S. §§ 951-963 and for violation of the Pennsylvania common law.

## JURISDICTION & VENUE

2. The jurisdiction of the Court is predicated on 28 U.S.C. § 1331, 42 U.S.C. §1331, 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1343(a). Plaintiff invokes the supplemental jurisdiction of this Court to consider related claims under statutory and common law of Pennsylvania pursuant to 28 U.S.C. § 1367. This action is brought after timely filing of Complaints with the U.S. Equal Opportunity Commission and receipt of a "right to sue letter". Plaintiff filed his Complaint with the EEOC on or about October 9, 2009 and received a "right to sue" letter dated March 30, 2010.

3. The proper venue of this action is in this Court, as Plaintiff was working in and is a resident of this State, and the improper treatment alleged herein occurred at the business address of Defendant within the State and all within the Eastern District of Pennsylvania.

## PARTIES

4. DAVID M. KOLLER, the Plaintiff herein, is now, and at all times material and relevant to this action was, a resident of Philadelphia. He is an American Caucasian male who was born in 1977.

5. RILEY RIPER HOLLIN & COLAGRECO, the Defendant herein, is a Pennsylvania Professional Corporation, registered with the Pennsylvania Department of State, Corporations Bureau on May 14, 1984. At the time of Plaintiff's firing, on information and belief, the Defendant had more than 50 employees.

2

## FACTUAL BACKGROUND

6. Plaintiff, David M. Koller is an attorney who worked for Defendant from September 3, 2007 until March 2, 2009 when he was fired.

7. Defendant Riley Riper Hollin & Colagreco is a private law firm founded in 1984. At all relevant times it was chaired by attorney Thomas A. ("Buck") Riley, Jr. During Plaintiff's tenure, the firm had Pennsylvania offices in Paoli, Kennett Square and Exton, together with an office in Wilmington, Delaware.

8. Publicly-touted commentary about the firm is provided on its website, which includes statements emphasizing values and integrity. For example, it is stated that "Our clients engage us knowing that our business is to serve their business- with integrity, energy and tenacity." Also, "Our practice attracts a high caliber of attorneys- energetic, confident and of the highest integrity. Our people choose to work here because they are stimulated by the reciprocity of business and law. They support the philosophy of this firm which is to apply all of our expertise to the business of doing business. And they serve those goals with diligence." Notwithstanding the verbiage, Plaintiff found that Defendant not only refused to properly accommodate his disability but maintained an illegal and hostile environment that ultimately cost him his position while others were retained.

9. After a series of interviews conducted by various law firm personnel, Plaintiff was offered a position as a lawyer with the Defendant for an annual salary of $100,000. He accepted the offer at the end of August, 2007 and his first day of work was September 3, 2007.

3

10. Although Plaintiff was supposed to work directly for Buck Riley, Plaintiff, as a result of predominating personal relationships, instead was assigned to attorney George Randolph who practiced labor and employment law. Despite promises made by the Defendant's management in terms of what Plaintiff's area of practice was to be, he was assigned collections work. Notwithstanding, Plaintiff compiled quite a track record, participating in approximately twenty arbitrations and winning all but one of them.

11. In December of 2008, Plaintiff received an excellent performance review where Mr. Randolph indicated that in his long tenure with the firm, Plaintiff was the best associate he ever had when it came to client relations. Mr. Randolph recommended that the firm use Plaintiff in its marketing efforts. After a meeting with Buck Riley, and as a result of the positive job review, Plaintiff was given a $5,000 raise and told that he was doing really well.

12. On Sunday, January 11, 2009 Plaintiff tore his anterior cruciate ligament ("ACL").

13. On the next day, Monday, January 12, 2009, Plaintiff went to work and told Human Resources Director, Colleen Mintzer, about his injury and condition. He also expressed to her his fear that he would lose his job because of the injury, the attendant limitations, and the need to devote time to therapy and healing.

14. Ms. Mintzer specifically assured Plaintiff that he would not lose his job and would be accommodated.

15. The first week after Plaintiff's injury required a series of doctors' appointments and tests. To compensate for time needed out of the office for treatment,

4

Plaintiff worked late at night and on weekends.

16. On February 2, 2009 Plaintiff underwent reconstructive surgery. The time off for the surgery had been pre-approved by Colleen Mintzer and George Randolph. All of Plaintiff's supervisors knew that he would be out, possibly up to a month, as per his doctors' advice.

17. While Plaintiff was out of the office, in pain and medicated, for those two weeks of surgery and recovery he stayed in frequent touch with his secretary and Mr. Randolph so that he could complete necessary assignments and show dedication to his job.

18. On February 17, 2009, just two weeks after surgery, Plaintiff accelerated his return to work to show that he was a dedicated employee, despite the knee injury and attendant disability. Buck Riley expressed surprise that Plaintiff returned so soon.

19. On February 24, 2009, Plaintiff started physical therapy with a therapist located in Glenside. He scheduled appointments at 7 a.m. (the earliest available slot) and would get his two hour appointment finished at 9 a.m. so that he could be at the office as soon as was possible.

20. Notwithstanding prior assurances, Defendant's representatives expressed little tolerance for Defendant or his disability, making it clear to him that he would be fired.

21. Given the nature of Plaintiff's work, it would have been easy for the Defendant to accommodate his situation or afford him leave. Defendant did neither.

22. On March 2, 2009 Plaintiff was fired by Defendant after a meeting with attorney Edward Hollin, Defendant's managing partner. Mr. Hollin indicated that this

5

was a necessary decision that he had to make, referencing tough times with the economy.

23. Managing partner Holland's excuse was a mere pretext. There had previously been no complaints about Plaintiff. To the contrary there had been assurances of continued employment and advancement. Mr. Hollin then asked Plaintiff to gather his belongings and leave immediately. When Plaintiff asked whether the firing had anything to do with anything he had done, Mr. Hollin's response was to say no, stating that it was just a decision the firm had made.

24. As a result of an atmosphere of personal relationships at Defendant's workplace, Plaintiff is convinced that were this same situation to have happened to any of those so favored, those favored others would have been accommodated instead of being been fired.

## COUNT I

### DISCRIMINATION ON ACCOUNT OF DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### *Koller vs. Riley Riper Hollin & Colagreco*

25. Plaintiff realleges paragraphs 1 to 24 and incorporates them by reference as paragraphs 1 to 24 of Count I of this Complaint.

26. The Americans With Disabilities Act, as amended (42 U.S.C. §12101 *et seq.*) ("ADA"), makes it unlawful to discriminate against any individual due to physical or mental impairment.

27. At the time of his firing, Plaintiff was physically impaired and disabled within the meaning of the ADA. Prior thereto no adverse action had been brought against him by Defendant. To the contrary, Plaintiff experienced only positive reinforcement and

6

assurances.

28. Despite having recent positive reviews and being assured that Plaintiff would not lose his job, or that his job security would be affected in any way, Plaintiff was fired after becoming impaired or disabled, making this firing actionable under the ADA.

29. Defendant is liable for the discrimination alleged herein, assuming liability under the doctrine of respondeat superior for those employees who brought about the firing of Plaintiff. Defendant is strictly liable for the acts of its supervisory employees because said employees used actual or apparent authority to further the unlawful conduct otherwise aiding in accomplishing the unlawful conduct by the existence of an agency relationship.

30. Defendant is liable for the acts alleged herein because Defendant's top corporate echelon established the corporate culture at the law firm which encouraged favoritism for some and discrimination and harassment for others, including discrimination against Plaintiff on account of his disability.

31. The hostile work environment was sufficiently severe and pervasive such that it altered the condition of Plaintiff's employment, affected the terms, conditions and privileges thereof in violation of the ADA, resulting in Plaintiff's discharge from employment.

32. Based upon the foregoing, Defendant has discriminated against Plaintiff on the basis of his disability, failed to accommodate for such disability, and otherwise deprived him of his rights in violation of the ADA.

33. As a result of such conduct by Defendant and its agents, Plaintiff has suffered damages and is entitled to back pay, front pay, and compensatory damages as a

7

consequence of Defendant's illegal conduct.

34. Because Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of his federally-protected rights, Plaintiff is entitled to an award of punitive damages against Defendant.

## COUNT II

## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
*Koller vs. Riley Riper Hollin & Colagreco*

35. Plaintiff realleges paragraphs 1 to 34 and incorporates them by reference as paragraphs 1 to 34 of Count II of this Complaint.

36. Defendant's Human Resources Director specifically assured Plaintiff that his injury would have no effect on his job when he informed her of his condition.

37. One of the ways that Defendant could have accommodated Plaintiff's injury was to offer him leave pursuant to the Family and Medical Leave Act, permitting him to be absent in accordance with the provisions of FMLA.

38. It was clear from Plaintiff's discussion with Ms. Mintzer that he was notifying her of what his condition was and requesting accommodation. Given her job responsibilities she should have been aware that FMLA provisions were applicable to Plaintiff.

39. Plaintiff's discussion with Ms. Mintzer can certainly be construed as affording her notice of his condition and the need for relief under FMLA, permitting him to be absent in accordance with the FMLA.

40. Defendant is an "employer" within the meaning of 29 U.S.C. § 2601 *et.*

8

*seq.* Plaintiff is an "employee" of the Defendant within the meaning of 29 U.S.C. § 2601 *et. seq.*

41. Defendant unlawfully discriminated and discharged Plaintiff, ignoring and interfering with his rights under FMLA to take time off to care for his injury.

## COUNT III

### SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE U.S. CIVIL RIGHTS ACT
***Koller vs. Riley Riper Hollin & Colagreco***

42. Plaintiff realleges paragraphs 1 to 41 and incorporates them by reference as paragraphs 1 to 42 of Count III of this Complaint.

43. Title VII of the Civil Rights Act of 1964, 24 U.S.C. Section 2000e et seq., as amended by the Civil Rights Act of 1991 ("Title VII") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender or sex.

44. Plaintiff is a white male.

45. An abusive and hostile work environment exists when certain personal relationships transcend professionalism, making for discrimination when it comes to conditions of employment. As such, it is actionable under Title VII as sexual or gender-based discrimination.

46. Defendant is strictly liable for the discrimination alleged and the actions of its supervisory employees, assuming liability under the doctrine of respondeat superior and agency.

47. Defendant is liable for the acts alleged herein because Defendant's top

echelon established the corporate culture at the law firm which encouraged sexual favoritism and discrimination.

48.     The hostile work environment was sufficiently severe and pervasive such that it altered the condition of Plaintiff's employment, affected the terms, conditions and privileges thereof in violation of Title VII, and resulted in Plaintiff's discharge from his position.

49.     Based upon the foregoing, Defendant has discriminated against Plaintiff on the basis of his sex and has deprived him of his rights in violation of Title VII of the Civil Rights Act of 1964, 42. U.S.C. Section 2000e et seq.

50.     As a result of such conduct by Defendant, Plaintiff has suffered damages and is entitled to back pay, front pay, and compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of Defendant's illegal conduct.

51.     Because Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of his federally-protected rights, Plaintiff is entitled to an award of punitive damages against Defendant.

## COUNT IV

### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
*Koller vs. Riley Riper Hollin & Colagreco*

52.     Plaintiff realleges paragraphs 1 to 51 and incorporates them by reference as paragraphs 1 to 51 of Count IV of this Complaint.

53.     This claim arises under the Pennsylvania Human Relations Act ("PHRA")

54.     Plaintiff is in a protected class because of his sex as well as his handicap

10

or disability.

55. As a result of what has been complained of herein, Plaintiff has been discriminated against, contrary to the terms of the PHRA.

## COUNT V

### BREACH OF CONTRACT or QUASI-CONTRACT IN VIOLATION OF PENNSYLVANIA COMMON LAW
*Koller vs. Riley Riper Hollin & Colagreco*

56. Plaintiff realleges paragraphs 1 to 55 and incorporates them by reference as paragraphs 1 to 55 of Count V of this Complaint.

57. Pennsylvania law recognizes a cause of action for breach of contract or quasi-contract as a result of interaction between the parties.

58. The interaction described hereinabove, including but not limited to Plaintiff's performance assessment, his raise, and assurances by Defendant's Human Resources Director of continued employment, were representations by Defendant that were agreed to and relied upon by Plaintiff.

59. By it actions alleged herein, Defendant breached its contract when it came to continued employment of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, David M. Koller, requests that the Court grant him the following relief against Defendant RILEY RIPER HOLLIN & COLAGRECO:

(a) Damages for past and future monetary losses as a result of Defendant's unlawful discrimination;

(b) Compensatory damages;

11

(c)     Punitive damages (where applicable);

(d)     Liquidated damages (where applicable);

(e)     Emotional pain and suffering;

(f)     Reasonable attorneys' fees;

(g)     Recoverable costs;

(h)     Pre and post judgment interest;

(i)     An allowance to compensate for negative tax consequences;

(j)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the statutes referenced herein and common law.

(k)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(l)     Order Defendant to make Plaintiff whole by providing appropriate back-pay with prejudgment interest, in amounts to be proven at trial ;

(m)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for his adverse actions, disciplines, and termination; and

(n)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above

matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

Date: June 15, 2010          By: _____
                                 Mark D. Schwartz Esquire
                                 PA 30527

P.O. Box 330
Bryn Mawr, Pa 19010

610 525-5534 telephone and fax

Counsel for Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

10 2933

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DAVID M. KOLLER

**DEFENDANTS**
RILEY RIPER HOLLIN & COLAGRECO

(b) County of Residence of First Listed Plaintiff: **PHILADELPHIA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **CHESTER**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
MARK D. SCHWARTZ, ESQUIRE, P.O. BOX 330, BRYN MAWR, PA 19010

Attorneys (If Known)
unkown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Sec 12101, 29 USC Sec 2801, 42 USC Sec 1981, 42 USC Sec 2000e
Brief description of cause:
EMPLOYEE DISMISSAL- ADA, FMLA, CIVIL RIGHTS, Pa statutes and common law

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 710,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 06/15/2010
SIGNATURE OF ATTORNEY OF RECORD: [signature] for Plaintiff

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JUN 18 2010

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

10 2988

Address of Plaintiff: 8 Rex Avenue, Unit #5, Philadelphia, PA 19118

Address of Defendant: 717 Constitution Drive, Exton PA 19341

Place of Accident, Incident or Transaction: As Paoli Office
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Mark D Schwartz, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: June 15, 2010  _____Attorney-at-Law_____  PA. 30527 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: June 15, 2010  _____Attorney-at-Law_____  PA 30527 Attorney I.D.#

CIV. 609 (6/08)

JUN 18 2010

# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

David M. Koller

v.

Riley Riper Hollin & Colagreco

CIVIL ACTION

NO. 10  2933

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

6/15/10         _____        _____        Plaintiff
Date            Attorney-at-law                                 Attorney for

(610) 525-5534     (610) 525-5534        MarkSchwartz6814@gmail.com
Telephone          FAX Number            E-Mail Address

(Civ. 660) 10/02



## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)   The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)   In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)   The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)   Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)   Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
## (See §1.02 (e) Management Track Definitions of the
## Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.