UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
------------------------------------------------------------------------- -x   CIVIL ACTION
                                                                                                                        2:10-CV-02933-CDJ

DAVID M. KOLLER
                Plaintiff,                                  .   ORAL ARGUMENT
                                                                           REQUESTED

       v.

RILEY RIPER HOLLIN & COLAGRECO

               Defendant.
-------------------------------------------------------------------------x


### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR DISMISSAL PURSUANT TO FRCP 12(b)(6).

Plaintiff David M. Koller' respectfully submit this Memorandum of Law in support of his Response in Opposition to Defendant's Motion for Dismissal of Plaintiff's Complaint pursuant to FRCP 12(b)(6) (the "Motion for Dismissal").

I.    **MATTER BEFORE THE COURT**

Defendant Riley Riper Hollin & Colagreco, by its counsel has filed a Motion for Dismissal of Plaintiff's Complaint filed in this matter .

The Motion for Dismissal should be denied because Plaintiff's Complaint comports with applicable rules of pleadings and cases there under to invoke statutory and common law remedies available to him. Moreover, having received permission to file an action, Plaintiff has exhausted his administrative remedies under the Pennsylvania Human Relations Act.

II.  **STATEMENT OF QUESTIONS INVOLVED**

    Q:  Does Plaintiff's Complaint set forth a "short and plain statement of his claims" to satisfy federal pleading requirements ?

    A:  Yes.

    Q.  Has Plaintiff's adequately set forth his statutory disability discrimination claims?

    A.  Yes.

    Q,  Has Plaintiff adequately set forth his claims under the Family Medical Leave Act ( FMLA) ?

    A.  Yes.

    Q.  Has Plaintiff adequately set forth his statutory claims for sexual discrimination?

    A.  Yes.

    Q.  Has Plaintiff' adequately set forth his common law claim for breach of contract or quasi-contract ?

    A.  Yes.

    Q.  Has Plaintiff exhausted his administrative remedies under the Pennsylvania Human Relations Act (PHRA) prior to filing his Complaint ?

    A.  Yes

III.  **FACTS**

On or about June 18, 2010 Plaintiff's thirteen (13) page Complaint was filed with this Court. The Complaint contains five counts asking for relief under the Americans with Disabilities Act, The Family and Medical Leave Act, Title VII of the U.S. Civil Rights Act, The Pennsylvania Human Relations Act, and for contractual or quasi-contract relief pursuant to Pennsylvania common law.

On or about August 12, 2010, Defendant filed its Motion to Dismiss as summarized hereinbefore as the questions presented.

## ARGUMENT

### Federal Pleading in General

A simple reading of Defendant's Memorandum of Law, specifically its "Factual Background" section on pages 2 through 4, referencing and restating pertinent portions of Plaintiff's Complaint, shows that Defendant understands perfectly well what Plaintiff's claims are and from what set of facts they arise. For purposes of satisfying pleading requirements under the Federal Rules, what Defendant recites in this section would suffice. There is nothing "threadbare" about what Plaintiff has set forth. Defendant claims on page 5 that "The Complaint leaves Defendant only to guess as to why Plaintiff believes he was disabled, treated differently on account of a disability or his gender or the basis for a contention, if any, that the Defendant did not provide him with FMLA leave or penalized him for using FMLA approved leave."

However this is contradicted by a reading Defendant's own "Factual Background" portion of its Memorandum of Law , as well as a reading the plain words of the Complaint.

Defendant cites Rule 8(a)(2) that requires that a complaint "contain a short and plain statement of the claim showing that the Plaintiff is entitled to relief" and cites case law about pleadings in general, requiring sufficient factual matter to state a plausible claim on its face. Pertinent parts of FRCP Rule 8 read as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction,……
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for relief sought, which may included relief in the alternative or different types of relief. …….

--

>  (d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency
>  (1) In General.  Each allegation must be simple, concise and direct. No technical form is required
>  (2) Alternative Statements of a Claim or Defense….[ permitted]
>  (3) Inconsistent Claims or Defenses…..[permitted]
>
>  (e)  Construing Pleadings; Pleadings must be construed so as to do justice.

The claims raised in Plaintiff's lawsuit are required only to meet the simple above-referenced standard; not the "particularity" standard imposed by FRCP Rule 9 when it comes to fraud or mistake.

What is more, Defendant filed a Motion to Dismiss instead of Rule 12(e)'s Motion for a More Definite Statement which would be appropriate if Plaintiff's Complaint were truly "so vague or ambiguous that a party cannot reasonably prepare a response".

 Simply stated, Plaintiff has met the requirements of the rules with respect to pleading, as well as the general standards of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, (2007) and *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 183 L. Ed. 2d 868 ( 2009).  *Bell Atlantic* dealt with pleadings in a Sherman Anti-trust claim. *Ashcroft* dealt with post 9/11 allegations of wrongful arrest.

Defendant could have found cases that deal directly with standards for pleading in ADA cases.  For example Defendant could have cited *MCKissich v. County of  York,* 2010 U.S. Dist. Lexis 47048   for the standard to be applied in ADA cases. Here the Plaintiff was deemed to have pleaded sufficient facts.

Notwithstanding, the overall operative standard met in all respects by Plaintiff, is set forth in *Ashcroft,* at 183 L. Ed. 2d 868, 883-885, as follows :

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading

standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (citing *Papasan* v. *Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"--"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Simply stated, Plaintiff's complaint sets forth "more than an unadorned, the defendant-unlawfully-harmed-me accusation". The Complaint fulfills the "plausibility" on its face standard . Clearly the Defendant understood it. And moreover, this Court is able to draw the reasonable inference that the defendant is liable for the misconduct alleged

**Pleading A Cause of Action  Under the Americans With Disabilities Act**.

Defendant attempts to rely on a host of cases, including *Taylor v. Phoenixville School District,* 184 F.3d 296 (3d Cir. 1999),   dealing with summary judgment issues as opposed to a 12(b)(6) motion.  In so doing, it confuses the present pleading stage with the next period that goes from the close of pleadings, through discovery to summary judgment. The opinion in *Taylor* was extremely fact specific in dealing with evidence generated during discovery. In reversing the District Court's granting of summary judgment  the Third Circuit Court of Appeals concluded that " We believe that a reasonable jury could conclude that Taylor requested accommodation, that the school district made no effort to help Taylor find accommodations and was responsible for the breakdown in the process, and that there were accommodations that the school district could have provided that would have made Taylor able to perform the essential functions of her job" *Taylor,* at 320.

Summary judgment cases have everything to do with the adequacy of proof, and nothing to do with the adequacy of pleadings. As stated by this Court in *Smyth v. Wawa, Inc.*, 2008 U.S. Dist. LEXIS 21766 (2008):

> Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see IFC Interconsult, AG v. Safeguard Int'l Partners, L.L.C.,* 438 F.3d 298, 317 (3d Cir. 2006). A genuine issue of material fact

-6-

exists where the jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute over facts is material where it could affect the outcome of the case. *Belitskus v. Pizzingrilli,* 343 F.3d 632, 639 (3d Cir. 2003).

Further, Defendant mis-cites old cases pertaining to ADA, including *McDonald v. Commonwealth of Pennsylvania,* 62 F. 3d 92 (3rd Cir . 1995) for the proposition that Plaintiff's injury, as a matter of law, did not qualify him for relief.  These cases that were rendered prior to the ADA Amendments Act of 2008, Public Law No. 110-325, effective January 1, 2009 which expanded the class of individuals eligible for protection under the ADA.

Notwithstanding the new amendments, there is explicit authority for the proposition that an ACL injury does bring Plaintiff within the ambit of the ADA. In  *Tish v. Magee- Women's Hospital,* 2008 U.S. Dist. LEXIS 87010  (2008),  the court, on  summary judgment dealt with the matter of  ACL injury. While Defendant  cites this case, Defendant omits to mention specifically what it holds, i.e.," It is undisputed that Tish's ACL tear constitutes 'physical impairment' within the meaning of the ADA and the Rehabilitation Act. Magee contends, however, that this *impairmen*t was not severe enough to constitute a *disability*.  In order to establish that she was 'disabled' Tish must show that her physical impairment substantially limited one or more of her *major life activities*." After a detailed review of all of the evidence viewed in the light most favorable to Tish, the Court found that there were genuine issues of a material fact which existed as to whether Tish was "disabled" under the pertinent statute when terminated, whether Magee fulfilled its duty to engage in the interactive process, and whether Tish could have been reasonably accommodated.   Based on the evidence established through the discovery process, and those genuine issues of material fact, the Court denied the motion for summary judgment

allowing a jury to make the requisite factual findings. In no way can this case be construed to support Defendant's 12(b)(6) Motion.

Pre ADA amendment cases, cases where summary judgment is involved ( such as *Hamera*, relied upon by Defendant)  and cases involving claims other than ADA claims are simply irrelevant to the adequacy of Plaintiff's pleading.. Simply stated there is no per se invalidity to an ADA claim based on an ACL tear.

Lastly, the facts of *Redmond v. SEPTA,* 2010 U.S. App. LEXIS 16577 (2010), where a motion to dismiss was finally granted after repeated complaints were filed by a pro se applicant, are inapplicable to the facts at hand. In *Redmond,* the court references the District Court explanation that Redmond's allegations "suggest no inference that he has a qualifying 'disability' under the law. His allegations that he was recovering from a car accident and suffered pain in his side and back are insufficient." There was no allegation that SEPT discriminated against him because of his disability". The Circuit Court of Appeals for the Third Circuit upheld the dismissal based on the District Courts determination of the sheer "futility" of the allegations.

A plain reading of the Complaint shows that Plaintiff has met the requisite standard for pleading under the ADA and PHRA. There is nothing futile about the allegations.

### Pleading a Cause of Action Under FMLA

Defendant goes far afield to cite an Illinois appeals court summary judgment case for the elements of a FMLA claim. Instead, Defendant need have looked no further than this circuit's decision in *Churchill v. Star Enterprises,* 183 F.3d 184 (1999) . Instead Defendant relies on *Smith v. The Hope School,*  560 F.3d 694 (7th Cir. 2006)  as it refers to  29 U.S.C. Section 2612(a)(1)(D) for the proposition that the FMLA entitles an employee to twelve weeks of leave

every twelve-month period if he or she is afflicted with " a serious health condition" which renders him or her unable to perform his or her job. Also this Circuit in *Majewski v. Fischi, 23 Am. Disabilities Cas. (BNA) 157* in a non precedential setting opinion, addresses the issue. Quoting *Sarnowski v. Air Brooke Limousine , Inc.* 510 F.3d 398, 401 (3d Cir. 2007) the Court states that "[T]o assert a claim of interference, an employee must show that he was entitled to benefits under the FMLA and that his employer illegitimately prevented him from obtaining those benefits."

 Considering the allegations made in paragraphs 1 through 34 as to Plaintiffs condition and what had transpired with Defendant, along with the specific claims made in paragraphs 36 through 41 of Plaintiff's Complaint as to FMLA, again Plaintiff satisfied the pleading standard.

Plaintiff did indeed rush back to work as he was fearful that he would be fired. He was assured that his injury would have no affect on his job, when he informed the firm's HR representative of his condition. The fact that Plaintiff rushed back to attempt to perform his job does not obviate the fact that Defendant, a law firm that should be cognizant of its affirmative responsibilities under FMLA, having been given requisite notice and having granted Plaintiff leave to begin with, should have offered and afforded him additional the time off under FMLA as opposed to firing him.

### **Pleading a Cause of Action Under Title VII**

Once again, Defendant makes the conclusory allegation that Plaintiff has not sufficiently pleaded his Title VII Civil Rights claim .

Defendant sets forth what Plaintiff must establish for a prima facie case of sexual discrimination. First, Plaintiff as an avowed white male is a member of a protected class when it

comes to a gender-based discrimination claim. Second, he set forth the fact that he suffered an adverse employment action., i.e., his firing. Third, he set forth the fact that he was qualified for his job having received positive reviews and further assurances as set forth. Fourth, he adequately stated that similarly situated individuals outside the protected class were afforded more favorable treatment and that others were retained. (See Complaint paragraph 8.)

Defendant feels that Plaintiff, in conclusory fashion, simply stated that he was subjected to a hostile environment. While Plaintiff could go into lurid detail about the discriminatory environment at Defendant he chose discretion as an alternative. What was set forth is sufficient under the Federal Rules of Civil Procedure to put Defendant on notice of Plaintiff's claim, including the following:

- The Complaint's paragraph 8 contrasts Defendant's publicly-touted commentary about values and integrity with maintaining " an illegal and hostile environment that ultimately cost him his position while others were retained."

- The Complaint at paragraph 10 states that "predominating personal relationships" kept him from being assigned to work directly for Mr. Buck Riley, Esquire.

- With regard to the empty pretext offered by Defendant for his firing, the Complaint at paragraph 24 states: " As a result of an atmosphere of personal relationships at Defendant's workplace, Plaintiff is convinced that were this same situation to have happened to any of those so favored, those favored others would have been accommodated instead of being fired.

- The Complaint at paragraph 45 states that "an abusive and hostile environment exists when certain personal relationships transcend professionalism, making for discrimination when it comes to conditions of employment. As such, it is actionable

-10-

under Title VII as sexual or gender-based discrimination.

- The Complaint at paragraphs 46 and 47 asserts liability of the Defendant for "the corporate culture at the law firm which encouraged sexual favoritism and discrimination."

- The Complaint at paragraph 48 states that " The hostile work environment was sufficiently severe and pervasive such that it altered the condition of Plaintiff's employment, affected the terms, conditions and privileges thereof in violation of Title VII, and resulted in Plaintiff's discharge from his position.

On the matter of sufficient pleading with respect to a "hostile work environment" under Title VII, there is specific authority for the proposition that Plaintiff has properly pleaded this claim only requiring an "inference" of discrimination.  The U.S. District Court for the Middle District of Pennsylvania in *Slade v. Hershey Company,* 2009 U.S. Dist. LEXIS 114404 (2009) states as follows:

> In her first claim, Plaintiff alleges that Defendant created a hostile environment against her because of her race. Specifically, she alleges that between April 2006 and February 2008, Defendant's management created a hostile work environment by subjecting Plaintiff to false accusations of intimidating her co-workers and causing personnel and production problems on the production line.
>
> Defendant argues that Plaintiff's allegations are "insufficient to establish pervasive and regular racially based harassment under a hostile work environment claim." (Doc. No. 9 at 9.) Defendant avers that Plaintiff can point to only one specific instance of harassment where she was subject to a one-day suspension based on a false accusation of inappropriate conduct. (*Id.*) As a result, Defendant argues that Plaintiff's complaint is devoid of "any allegations of race based 'intimidation, ridicule, or insult'  or any other evidence connecting the alleged actions of Defendant to Plaintiff's race." (*Id.*)
>
> The Court finds that Plaintiff has alleged sufficient facts to overcome Defendant's motion to dismiss. Taking Plaintiff's allegations in the complaint as true, Plaintiff was subjected to an almost two-year span of false accusations that she intimidated her co-workers and that she caused production line problems. Plaintiff has alleged that she was a target for these accusations because she is black. If proven, such allegations provide Plaintiff with a cognizable discrimination claim. *See Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 278-79 (3d Cir. 2001) ("[I]f a plaintiff presents

-11-

> sufficient evidence to give rise to an inference of discrimination by offering proof that her 'workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' and the conduct is based on one of the categories protected under Title VII, a hostile work environment claim will survive summary judgment." (citation removed)); *Aman v. Cort Furniture Rental Corp*., 85 F.3d 1074, 1082-84 (3d Cir. 1996) (reversing summary judgment for employer-defendant and finding jury could find a hostile work environment where, inter alia, employer subjected black plaintiff employees to false accusations of favoritism, incompetence, and made them do menial jobs).

If Defendant persists in its claim that it is not sufficiently apprised of Plaintiff's claim for discrimination and this Court should agree, then Plaintiff requests to avail himself of the liberal policy of Courts in doing justice, to allow him to replead.

### **Pleading a Breach of Contract or Quasi Contract Claim**

Defendant maintains that Plaintiff's action would somehow eviscerate Pennsylvania's at-will doctrine. The problem is that given the circumstances attendant to Plaintiff's disability, representations were made to him that he would not lose his job because of that disability.  These assurances constituted a bargained-for exchange that was contractual in nature. Defendant would require Plaintiff during his conversation with Defendant's HR director to state, "Well, you do understand, do you not, that with respect to me  you are modifying Pennsylvania's employment at will doctrine." Moreover, Defendant claims that the HR Director did not provide a definite term nor expressly forbid discharge in the absence of just cause. Clearly the plain meaning of the words conveyed by her to Plaintiff embraced the notion of just cause.

An even harsher state than Pennsylvania when it comes to the "at will doctrine" is Delaware. Yet, even there, our Third Circuit Court of Appeals in *Conneen v. MBNA,* 334 F.3d 318, 2003 U.S. App. LEXIS 13181 (2002) recognized the distinction that validates Plaintiff's claim in contract or quasi contract:

Next, Conneen alleges that MBNA breached its implied covenant of good faith and fair dealing under Delaware law. Delaware courts have been reluctant to recognize a broad application of this covenant out of concern that the implied covenant of good faith and fair dealing could swallow the doctrine of employment at will. *E.I. Dupont de Nemours & Co. v. Pressman*, 679 A.2d 436, 442 (Del. 1996). While employment at will remains a strong presumption, the Delaware Supreme Court has recognized the limited application of the covenant to an at-will employment contract. *Id*. at 440 (citing *Merrill v. Crothall-American, Inc.*, 606 A.2d 96 (Del. Super. Ct. 1992)).

Accordingly, Delaware law recognizes four situations where a breach of the implied covenant of good faith and fair dealing may occur in an at-will employment situation:

 (i) where the termination violated public policy;

(ii) where the employer misrepresented an important fact and the employee relied thereon either to accept a new position or remain in a present one;

(iii) where the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employee's past service; and

 (iv) where the employer falsified or manipulated employment records to create fictitious grounds for termination.  *Lord v. Souder,* 748 A.2d 393, 400 (Del. 2000) (citing *Pressman,* 679 A.2d at 442-44).

In order to come within the public policy exception, the employer's conduct must "go to the heart of a citizen's rights, duties, and responsibilities or the discharge is not wrongful." *Booth v. McDonnell-Douglas Truck Services, Inc.*, 401 Pa. Super. 234, 585 A.2d 24 (1991). Totally aside from the fact that termination for asserting one's ADA and FMLA rights constitutes a violation of public policy either in Delaware or in Pennsylvania, (*Luteran v. Loral Fairchild Corp.,*  455 Pa. Super. 364, 688 A.2d 211, 214 (1997), in Plaintiff's case the employer represented an important fact in making assurances of continued employment to Plaintiff upon which Plaintiff relied to his detriment.

**Plaintiff's Ability to File Claims Under the Pennsylvania Human Relations Act**

Plaintiff has invoked this Court's pendent state jurisdiction to hear its PHRA claims that are parallel to those made under the U.S. Civil Rights Act.  Pennsylvania is

what is known as a "dual filing" state, meaning that complaints filed with the EEOC are also filed with the Pennsylvania Human Relations Commission.

As acknowledged by Defendant, Plaintiff filed his dual filed complaint on October 9, 2009 and commenced this action on June 18, 2010. Defendant contends however, that Plaintiff has not exhausted his administrative remedies under the PHRA.  The correspondence which Plaintiff has received from PHRA clearly indicates the contrary, allowing Plaintiff to have brought his PHRA in state court.

- Plaintiff received an initial letter from the PHRC dated April 15, 2010 acknowledging the dual filing with the EEOC and PHRA, attached hereto and made a part hereof as Exhibit 1

- Plaintiff received a subsequent letter from the PHRC dated July 8, 2010 indicating that the EEOC conducted its investigation and that  the case filed with PHRC was held in abeyance pending completion of the investigation by the EEOC. It states that the EEOC informed PHRC that it closed the case because Plaintiff requested a right to sue from EEOC. The PHRC asked if Plaintiff filed an action in federal court.  This letter is attached hereto and made a part hereof as Exhibit 2

- On  August 10, 2010 Plaintiff's counsel informed the PHRC that Plaintiff had filed a case in federal court. This letter is attached hereto and made a part hereof as Exhibit 3.

- On August 20, 2010 the PHRC wrote to Plaintiff indicating that the PHRC had closed Plaintiff's case as he filed a civil action in state or federal court. Moreover this correspondence included a "Notice of Complainant's Rights" which stated in pertinent part that "In addition, you are hereby notified, as required by Section 12( c)  of the Pennsylvania Human Relations Act, 43 P.S. Section 962 (c ) that you have the right, upon the dismissal of your case, to file a complaint in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by the Act. Section 962 (c )(1). **If you wish to file a complaint in the court of common pleas, the complaint must be filed within two (2) years after the date of the notice from the commission closing the complaint." (Emphasis added)** See Exhibit 4.

Having received notice that the PHRC closed Plaintiff's case, the administrative

-14-

requirement having been exhausted, Plaintiff was within his rights to exercise his statutory rights to file this action invoking infractions under the Pennsylvania Human Relations Act.

### Liberal Allowance in Allowance of Amended Pleadings

Plaintiff truly believes that he has sufficiently pleaded his claims in accordance with applicable rules and the applicable law, including FRCP 8(e) that pleadings must be construed so as to do justice. Simply stated, dismissal of this case at this juncture would be an injustice.

In the event that this Court should find a deficiency then Plaintiff asks that this Court act in accordance with the rules and applicable case law which freely allows a Plaintiff, at this stage to file an amended complaint.

For example this Court in *Cruz v. Northwest Airlines*, 2002 U.S. Dist. LEXIS 20092 (2002) stated that :

> A court should dismiss a claim for failure to state a cause of action only if it appears to a certainty that no relief could be granted under any set of facts which could be proved. *See  Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief." This is a minimum notice pleading standard "which relies on liberal discovery rules and summary judgment motions to...dispose  of unmeritorious claims." *Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002). Claims lacking merit are more appropriately dealt with through summary judgment pursuant to Rule 56. *See  Swierkiewicz*, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1. If a defendant feels that a pleading fails to provide sufficient notice, he or she may move for a more definite statement pursuant to Rule 12(e) before fashioning a response. *Id.*

Rule 15(a)(2) states that  when it comes to amendment of  pleadings the Court should freely give leave when just so requires. Moreover, the U.S. District Court for the District of New Jersey in *Smith v. Pappell,* 2008 U.S. Dist. LEXIS 80290 ( 2008)  has relied on the Third Circuit's opinion  in the case of *Boileau v. Bethlehem Steel Corp.*730

F.2d 929, 938 (3d Cir. 1984), cert. denied, 469 U.S. 871, 105 S.Ct. 221, 83 L.Ed. 2d 150 (1984) stating that "'a general presumption exists in favor of allowing a party to amend its pleadings.'" "Leave to amend should be granted unless 'plaintiff's delay in seeking amendment is undue, made in bad faith, prejudicial to the opposing party, or the amendment fails to cure a jurisdictional defect.'" *Alvin v. Suzuki,* 227 F.3d 107, 212 (3d Cir. 2000) (citations omitted." Again, this Court in *Redmond,* supra stated that " A possibly meritorious claim should not be precluded because of a defect in the pleadings, and leave to amend should be granted in cases where a complaint is dismissed for failure to state a claim unless doing so would be futile. *In re Burlington Coat Factory Litig.,* 114 F.3d 1410, 1434-34 (3d Cir. 1997)

Finally there is the Third Circuit's decision in *Phillips v. County of Allegheny*, 515 F.3d 224 ,228; 2008 U.S. App. LEXIS 2513 (2008 ) which explicitly stated reversed the lower court for failing to allow amendment stating "Moreover, in the event a complaint fails to state a claim, unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint. *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)."

Accordingly, as there has been no delay, no bad faith, no incurable jurisdictional defect, or prejudice to the opposing party, should the Court find merit with any of Defendant's arguments, then Plaintiff requests that this Court grant Plaintiff the opportunity to replead in an amended complaint those portions of its Complaint which are found to be defective

-17-

**RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court deny Plaintiff's Motion Dismissal and enter an Order to this effect or enter such other relief as it deems just and proper.

                                            Respectfully submitted,

Dated: September 7, 2010          s/Mark D. Schwartz
                                            Mark D. Schwartz, Esquire
                                            P.O. Box 330
                                            Bryn Mawr, PA 19010-0330
                                            610 525-5534

                                            Attorney for Plaintiff,
                                            David M. Koller

Case 2:10-cv-02933-CDJ   Document 6   Filed 09/07/10   Page 19 of 19