IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID M KOLLER, | |
| Plaintiff, | CIVIL ACTION |
| v. | |
| RILEY RIPER HOLLIN & COLAGRECO, | NO.  2:10-CV-02933-CDJ |
| Defendant. | |

**DEFENDANT'S RULE 11 MOTION FOR SANCTIONS**

Defendant, Riley Riper Hollin & Colagreco, P.C., by and through its undersigned counsel, hereby moves pursuant to Rule 11 (c) of the Federal Rules of Civil Procedure for the imposition of appropriate sanctions against Plaintiff, David M. Koller under Rules 11 (b)(1) and (3), and his attorney, Mark D. Schwartz, Esquire under Rule 11 (b)(1)(2) and (3) and, in support thereof, avers as follows:

1. At all times material, Plaintiff has been a lawyer, and has claimed an expertise in employment law.

2. At all times material, Plaintiff's counsel has advertised that he uses the "media" as part of his negotiation and litigation strategy. See http://www.markschwartzesq.com/index2.htm, attached hereto as "Exhibit A".

3. Plaintiff's counsel and/or Plaintiff thereafter formulated a "theme and strategy" in this case which was nothing more than a thinly veiled attempt at a legal

"shakedown", using allegations and causes of action that were fatally and legally defective and insufficient, on an objective basis.

4.   As part of that "theme and strategy", Plaintiff and his counsel sent a July 16, 2009 letter to the Defendant with respect to claims against the law firm as a result of his termination of employment. See July 16, 2009 letter of Schwartz, attached hereto as Exhibit B.  In the July 16th letter, counsel writes that Koller "has a number of civil rights claims against the firm, which include discrimination as a result of the very personal relationships conducted by members of the firm, all constituting an improper environment in terms of civil rights laws". See Exhibit B.

5.   In the July 16th letter, counsel states that his client could have told the Philadelphia Inquirer "a great deal more about what really transpired at your firm during his tenure".  Counsel stated that "cases involving my practice often engender coverage by the local and national media".  Counsel states that the filing of various claims with various agencies promises a very public, protracted and costly period of litigation…". See Exhibit B.

6.   The threat to publicize and attempt to embarrass the Defendant via litigation – however, baseless and lacking in factual support or legal authority – is clearly apparent.  When that attempt at coercion did not succeed, Plaintiff and his counsel made good on their threat and filed a Complaint against the Defendant.

7.   On June 16, 2010, David M. Koller, through his attorney Mark D. Schwartz, Esquire, commenced this civil action seeking recovery of damages based on Koller's claims that he was subjected to unlawful employment discrimination, on the

2

basis of sex, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(2) *et seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"); the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA") and the Pennsylvania Human Relations Act, 43 P.S. § 957(d) ("PHRA"), as well as a cause of action for breach of an oral employment agreement.

8. In his first Complaint, Koller claimed, *inter alia*, that:

   (a) he was disabled within the meaning of the ADA because he had torn his ACL, had it surgically repaired, but which resulted in his being subjected to a "hostile work environment" in violation of the ADA (Count II):

   (b) he was subjected to a hostile work environment based on his gender in violation of Title VII (Count III);

   (c) he had been discriminated against on the basis of his sex and disability under the PHRA (Count IV);

   (d) he had an oral employment agreement that had been breached notwithstanding his "at will" employment status (Count V).

9. On August 12, 2010, Defendant filed its Motion to Dismiss the Complaint on the grounds that the Complaint did not state a cause of action upon which relief may be granted and further did not comply with the pleading requirements of Fed. R. Civ. P. 8. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

10. As set forth in the Motion to Dismiss, Plaintiff's Complaint failed to set forth any facts in Count II on which he would be entitled to claim protected status as

a "qualified individual with a disability" under the Americans with Disabilities Act ("ADA"); failed to set forth any facts to support the contention that he was subjected to a hostile work environment under the ADA or was terminated from employment on account of a disability.

11. As set forth in the Motion to Dismiss, Plaintiff's Complaint failed to set forth any facts in Count III to support his claim that Plaintiff was subjected to a sexually hostile work environment or discriminated against on the basis of his gender, or that he had been discriminated against on the basis of his sex and disability under the PHRA, as he alleged in Count IV.

12. As set forth in the Motion to Dismiss, Plaintiff averred a baseless claim of breach of contract in Count V, notwithstanding his "at-will" employment status, based on the factual allegation that general representations of continued employment were made.

13. On September 10, 2010, Plaintiff filed his opposition brief to the Motion to Dismiss the Complaint asserting that he had pled sufficient facts to satisfy Rule 8 but requesting, in the alternative, permission to file an Amended Complaint in response to the motion. See <u>Plaintiff's Response in Opposition to Motion for Dismissal</u>, Docket Document No. 5.

14. On March 31, 2011, the Court granted leave to Plaintiff to file an Amended Complaint by April 29, 2011 and denied the motion to dismiss without prejudice as moot.

15. On April 6, 2011, Plaintiff counsel wrote the undersigned stating that, as a result of the Defendant's motion to dismiss, "he would have to supply the specifics as to the *relationship* that both your client and *I know about*". Once again, counsel intimated that he would disclose the specifics of a supposedly untoward relationship of an unspecified nature between one of Defendant's partners and a firm associate. The April 6, 2011 letter is attached as Exhibit C.

16. On April 29, 2011, Plaintiff filed his First Amended Complaint (hereinafter referenced as "Amended Complaint"). <u>Plaintiff's Amended Complaint was a virtual duplicate of his initial, fatally deficient Complaint which was the subject of the Defendant's prior Motion to Dismiss</u>.

17. Despite having requested the opportunity to replead in an Amended Complaint the factual bases for his claims as an alternative to the dismissal of the lawsuit, Plaintiff and his counsel repled the Amended Complaint with the same patent pleading deficiencies as the initial Complaint, thereby unnecessarily delaying the progress of this litigation, causing Defendant to incur additional expenses and fees and perpetuating the prosecution of claims which lack factual or legal merit.

18. As set forth in the Defendant's original Motion to Dismiss, the initial Complaint lacked any factual basis for the contention that Koller was subjected to an abusive and hostile work environment based on either his gender or his putative disability. Plaintiff pled that the "hostile work environment was sufficiently severe and pervasive such that it altered the terms, conditions and privileges thereof in

violation of the ADA, resulting in plaintiff's discharge from employment". <u>Complaint</u>, ¶ 31.

19.     Despite full knowledge of the requirement to plead facts supportive of his legal claims, in his Amended Complaint, Koller repled the same disability-based hostile work environment claim and ADA disability discrimination claim without any factual predicate in the Amended Complaint, in a manner which flouted the requirements of Rule 8.  <u>Amended Complaint</u>, ¶ 60.

20.     Upon information and belief, Koller and his legal counsel were aware that there is no evidentiary support for the factual contention that Koller was subjected to abusive or hostile conduct of a severe or pervasive nature directed at him because of his physical condition for purposes of his ADA hostile work environment claim.

21.     Upon information and belief, Koller and his legal counsel were aware that there is no evidentiary support for the factual contention "that defendant's top corporate echelon established a corporate culture at the law firm which encouraged favoritism for some and discrimination and harassment for others, including Plaintiff, on the basis of a disability" as alleged in paragraph 59 of the Amended Complaint.

22.     In Count III of the initial Complaint, Koller averred that he was discriminated against on the basis of his gender and that "an abusive and hostile work environment exists when certain personal relationships transcend

professionalism, making for discrimination when it comes to conditions of employment." *See* Complaint, ¶44, 45.

23.  He further averred that the "top echelon" purportedly established a corporate culture "which encouraged sexual favoritism and discrimination." *See* Complaint, ¶47.

24.  Despite full knowledge of the requirement to plead facts supportive of his legal claims, in his Amended Complaint, Koller repled the same gender-based hostile work environment claim without any factual predicate, in a manner which flouts the requirements of Rule 8.

25.  Although Koller argued in his Sur-Reply Memorandum of Law that Defendant "knows what the predominating personal relationships [were] for the hostile relationship to Plaintiff's detriment" and that "there is no requirement in the Federal Rules of Civil Procedure to set forth the *lurid* details which Plaintiff is able to do", and Koller's counsel in his April 6, 2011 correspondence promised to supply the supposed details, Koller repled the same generic, vague and insufficient averments in his Amended Complaint that "an abusive and hostile work environment exists when certain personal relationships transcend professionalism".

26.  Plaintiff renewed the boilerplate averment that the "hostile work environment was sufficiently severe and pervasive such that it altered the conditions of his employment" in violation of Title VII and resulted in the discharge from his employment. Amended Complaint, ¶ 67, 70. See Plaintiff's Sur-Reply Memorandum in Opposition to Defendant's Reply Brief, p. 4, Document No. 12.  Plaintiff's

Amended Complaint is devoid of any factual predicate for his hostile work environment claim.

27. Upon information and belief, Koller and his legal counsel were aware that there is no evidentiary support for the factual contention that Koller was subjected to any abusive or hostile conduct of a severe and pervasive nature directed at him because of his gender for purposes of the Title VII hostile work environment claim which is pled in both Complaints and that no hostile work environment resulted in the discharge of Koller from Defendant's employment.

28. Upon information and belief, Koller and his legal counsel were aware that there was and is no evidentiary support for the factual contention "that defendant's top corporate echelon established a corporate culture at the law firm which encouraged sexual favoritism" as alleged in paragraph 69 of the Amended Complaint.

29. In Count IV of the Amended Complaint, Plaintiff pled a sex and disability discrimination claim under the Pennsylvania Human Relations Act ("PHRA"), relying solely on his insufficient averments pertaining to the federal law claims to support the PHRA claim.

30. Counsel's continued threat to unveil the so-called "personal relationships" combined with the boilerplate averments of a sex-based hostile work environment evidences that Koller has sought to tread a fine line of avoiding the pleading of overt falsehoods and at which he could be thereafter caught pleading

overt falsehoods while holding the anvil of a sexual harassment lawsuit over Defendant's head as a means of seeking to coerce a settlement from Defendant.

31. The April 6th letter evidences that "the allegation of sexual and disability harassment were made to harass Defendant into settlement to avoid the nuisance of defending such claims – where no such evidence was known to counsel.

32. In Count V of the initial Complaint, Koller averred that because of his having received performance assessments, a raise, and assurances by the Human Resources Director of "continued employment", that Defendant "breached its contract" by failing to continue Plaintiff's employment. *See* Complaint, ¶58, 59. Plaintiff reiterated the same averments in his Amended Complaint, despite full knowledge that he was employed on an "at-will" basis.

33. Plaintiff and his counsel asserted that he "was no longer an at-will employee when he was assured that his tenure was secure, despite his injury". See Plaintiff's Sur-Reply Memorandum in Opposition to Defendant's Reply Brief, p. 6, Document No. 12. These allegations were not, and cannot, take the employment relationship out of an "at-will" basis.

34. Plaintiff averred that Pennsylvania law recognized a cause of action for breach of contract based on the "interaction" between an employee and an employer during the course of employment such as the receipt of a performance appraisal, a salary raise, or the assurances of the Defendant's Director of Human Resources of continued employment. Amended Complaint, ¶79, 80.

35.     Plaintiff and Plaintiff's counsel were aware that the receipt of a performance appraisal or a salary raise does not create a binding contract of employment for a definite duration nor alters his at-will employment status under Pennsylvania law.  The allegation that the Director of Human Resources told Plaintiff that neither his knee injury nor the time taken off for surgery would adversely affect his employment, is not tantamount to a contractually binding agreement to terminate Plaintiff only for "just cause".

36.     Plaintiff's counsel was aware that Koller was hired on an "at-will" basis, received an employee handbook specifying that he was employed at-will and that he had no guarantee of continued employment.  No non-frivolous basis exists to aver a breach of contract claim under Pennsylvania law.

37.     The factual and legal deficiencies of the aforementioned claims set forth in Plaintiff's Amended Complaint were and are readily ascertainable based on information already known to Plaintiff or are ascertainable on reasonable investigation.

38.     On May 11, 2011, counsel for Defendant served Plaintiff's counsel with a letter to comply with safe harbor provisions of Rule 11 (c) (2) that Plaintiff and his counsel withdraw their fatally defective claims and allegations and submitted a draft Rule 11 motion.  A copy of the May 12, 2011 letter and draft motion is attached as Exhibit D.  The defendant's May 12, 2011 letter, *inter alia,*

> (a)     noted that Count II, for alleged ADA discrimination was still fatally flawed and deficient and should be withdrawn;

    (b)    noted that Count III, for alleged gender discrimination under Title VII was still fatally flawed and deficient and should be withdrawn;

    (c)    noted that Count IV, for alleged discrimination under the PHRA, was still fatally flawed and deficient and should be withdrawn;

    (d)    noted that Count V for alleged breach of an oral employment agreement was still fatally flawed and deficient and should be withdrawn.

39. Plaintiff did not voluntarily dismiss these claims or averments but continued to prosecute the Amended Complaint.

40. On May 13, 2011, Defendant filed its Motion to Dismiss the Amended Complaint.

41. On February 23, 1012, this Court entered an Order dismissing all but one of the Counts of the Amended Complaint which have been filed by Plaintiff and Plaintiff's counsel. In summary form,

    (a)    the Court dismissed Counts II – V of the Amended Complaint;

    (b)    the Court dismissed the <u>very same</u> Counts and causes of action that the Defendant and its counsel had requested the Plaintiff and his counsel to withdraw on May 12, 2011, some nine months earlier.

42. This Court held that the allegations of the Amended Complaint did not rise to the level of important, let alone, substantial limitations on the performance of

a "major life activity" for purposes of the ADA claim. This court held that Plaintiff failed to aver any facts to demonstrate that the termination was related to any physical impairment as a result of his knee injury.

43. This Court concluded that the allegations of the Amended Complaint "woefully fails" in regard to the disability hostile work environment claim as there is nothing in the pleading to indicate any potential facts to support an ADA hostile work environment claim.

44. With regard to his Title VII claim, the Court has held that the Complaint falls critically short of creating even an inference that Plaintiff's firing was based upon the fact that he is a male or that a hostile work environment existed. As the Court noted, "it becomes readily apparent that no plausible case an be made for a Title VII hostile work environment claim".

45. Plaintiff's PHRA claim was dismissed for same deficiencies in pleading the Title VII and ADA claims.

46. This Court held that the breach of contract claim premised on statements of continued employment from a human resources director, a favorable performance review or pay raise, does not create an implied in law contract. The substantial body of case law governing the at-will employment doctrine and its limited exceptions under Pennsylvania law demonstrates the frivolity of the breach of contract claim.

47. Defendant requests issuance of sanctions to deter such frivolous conduct, including an award of attorney's fees and costs for the expense of defending

against all claims under Title VII, for a hostile work environment under the ADA, for the violation of the PHRA, and for breach of contract, which would reasonably serve as a deterrent against the filing of such meritless pleadings, or, similar brazen frivolous conduct in the future.

**WHEREFORE,** Defendant Riley, Riper Hollin & Colagreco, by its undersigned counsel, respectfully requests that this Court impose appropriate sanctions against David M. Koller and Mark D. Schwartz, Esquire, including the awarding of reasonable counsel fees and costs incurred in the defense of this action pursuant to Federal Rule of Civil Procedure 11(c) (2) and for the filing of this motion, upon presentation of a verified Bill of Costs.

                                                    SWARTZ CAMPBELL LLC

                                                    <u>s/William T. Salzer</u>
                                                    William T. Salzer
                                                    Attorneys for Defendant,
                                                    Riley Riper Hollin & Colagreco