IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID M. KOLLER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RILEY RIPER HOLLIN & COLAGRECO, | : | NO. 2:10-cv-02933 CDJ |
| | : | |
| Defendant. | : | |

**ANSWER TO DEFENDANT'S RULE 11 MOTION FOR SANCTIONS**

Mark D. Schwartz, Esquire and David M. Koller, Esquire, by and through undersigned counsel, hereby responds to Defendant's Rule 11 Motion for Sanctions and in opposition thereto avers as follows:

1. Admitted in part and denied in part. It is admitted that all times relevant hereto Plaintiff has been a lawyer, and that employment law is part of his practice. As pleaded in the Amended Complaint, Plaintiff is experienced in the field of employment law.

2. Admitted in part and denied in part. It is admitted only that Plaintiff's counsel has a web page that sets forth his approach to handling legal matters. The web page in question states as follows:

> What I do is negotiate and litigate. While I affiliate with different firms in the cases that I have handled all over the country, I sift through the facts, create a theme and strategy for each case, and personally conduct the negotiations or litigation.
>
> Finally I recognize that every matter has a life apart from court or negotiating session. The use of the media is integral to most matters that I handle. And the two realms are not separable. As you can see from the cases highlighted in my bio, there is a role for the media as well.

By way of further answer, use of the media in litigation is not an uncommon practice. In fact, the Riley Law Firm, and in particular, attorney Thomas A. Riley, Esquire, are often in media stories about their high profile cases.

3. Denied. The averments of the corresponding paragraph of Defendant's Motion are specifically denied. It is specifically denied that Mr. Schwartz and/or Plaintiff formulated a theme or strategy to legally shakedown Defendant using allegations and causes of action that were fatally and legally defective and insufficient on an objective basis. As reflected in the Affidavits of Plaintiff and Mr. Schwartz to be submitted separately, but incorporated herein by reference, at all times, Plaintiff and Mr. Schwartz pleaded claims that were reasonable and that they believed in good faith were legally and factually sufficient.

4. Admitted in part and denied in part. It is admitted only that on or about July 16, 2009, Mr. Schwartz sent a letter to Edward J. Hollin, Esquire, and that a copy of that letter is appended to Defendant's Motion as Exhibit "B." That letter, as a written document, speaks for itself and Defendant's characterization of the contents of that letter is specifically denied. It is further averred that the assertions and claims made by Mr. Schwartz in that letter had a good faith basis in fact, as reflected in the Affidavits of Plaintiff and Mr. Schwartz to be submitted separately, but incorporated herein by reference.

5. Admitted in part and denied in part. It is admitted only that on or about July 16, 2009, Mr. Schwartz sent a letter to Edward J. Hollin, Esquire, and that a copy of that letter is appended to Defendant's Motion as Exhibit "B." That letter, as a written document, speaks for itself and Defendant's characterization of the contents of that letter is specifically denied. It is further averred that the assertions and claims made by Mr. Schwartz in that letter, as reflected in

the Affidavits of Plaintiff and Mr. Schwartz to be submitted separately, were supported by his good faith belief in their accuracy.  Moreover, the reference to the *Inquirer* article in fact demonstrates Plaintiff's discretion in not publicly making any accusations, and the observation that litigation often results in adverse publicity, in particular, in employment discrimination cases, and in particular in employment discrimination cases involving law firms.

      6.      Denied.  The averments of the corresponding paragraph of Defendant's Motion are specifically denied.  It is specifically denied that Mr. Schwartz made any threat to publicize and attempt to embarrass the Defendant.  In fact, the record of this case demonstrates the opposite as there has been no publicity and no public disclosure of embarrassing facts about the Riley Law Firm.  Mr. Schwartz's communications were all made within the context of settlement negotiations which he treated as confidential.  There has been no publicity or media attention on this case.  It is specifically denied that the litigation was baseless and lacking in factual support and legal authority.  It is specifically denied that there was an attempt at coercion.  It is specifically denied that "Plaintiff and his counsel made good on their threat . . .."  Rather, Plaintiff, through his counsel, Mr. Schwartz, sought to settle Plaintiff's claims against the Riley Law Firm and, when they were unable to do so, instituted litigation.

      7.      Admitted.

      8.      Admitted in part and denied in part.  It is admitted only that on or about June 16, 2010, a Complaint was filed in this matter.  A copy of that Complaint is appended hereto as Exhibit "A."  The Complaint, as a written document, speaks for itself and Defendant's characterization of the contents of the Complaint is specifically denied.  It is further averred that the assertions and claims made in the Complaint were reasonable and supported by a good faith

belief in their accuracy.

9. Admitted.

10. Admitted in part and denied in part. It is admitted only that Defendant filed a Motion to Dismiss in this matter. That Motion to Dismiss, as a written document, speaks for itself and Defendant's characterization of the contents of that Motion to Dismiss is specifically denied. Moreover, and to the contrary, Plaintiff and Mr. Schwartz pleaded reasonable claims and facts which they believed in good faith, and based on legal authority, *see Tish v. Magee-Women's Hosp. of the Univ. of Pittsburgh Med. Ctr.*, 06-820, 2008 U.S. Dist. LEXIS 87010 (W.D. Pa. Oct. 27, 2008), established legally and factually sufficient ADA claims.

11. Denied. Admitted in part and denied in part. It is admitted only that Defendant filed a Motion to Dismiss in this matter. That Motion to Dismiss, as a written document, speaks for itself and Defendant's characterization of the contents of that Motion to Dismiss is specifically denied. Moreover, and to the contrary, Plaintiff and Mr. Schwartz pleaded reasonable claims and facts which they believed in good faith, and based on established legal standards, legally and factually sufficient Title VII claims.

12. Denied. The corresponding paragraph of Defendant's Motion states a conclusion of law as to which no further answer is required. To the extent that the corresponding paragraph alleges facts, those facts are expressly denied. Moreover, and to the contrary, Plaintiff specifically alleged that the termination of Plaintiff's employment after the promises and representations made established a breach of quasi-contract in violation of public policy.

13. Admitted in part and denied in part. It is admitted only that Plaintiff a Brief in opposition to Defendant's Motion to Dismiss in this matter. That Brief in Opposition to

Defendant's Motion to Dismiss, as a written document, speaks for itself and Defendant's characterization of the contents of that Motion to Dismiss is specifically denied.

14. Admitted.

15. Admitted in part and denied in part. It is admitted only that on or about April 6, 2011, Mr. Schwartz sent a letter to William Salzer, Esquire and that a copy of that letter is appended to Defendant's Motion as Exhibit "C." That letter, as a written document, speaks for itself and Defendant's characterization of the contents of that letter is specifically denied. It is further averred that the assertions and claims made by Mr. Schwartz in that letter were reasonable and supported by his good faith belief in their accuracy. By way of further answer, as reflected in the Affidavit of Mr. Schwartz to be submitted separately, Mr. Schwartz's reference was to the fact that, as a result of Defendant's Motion to Dismiss, he would be required to plead allegations in his possession in a publicly filed document.

16. Admitted in part and denied in part. It is admitted only that on or about April 29, 2011, a First Amended Complaint was filed in this matter. A copy of the First Amended Complaint is appended hereto as Exhibit "B." The First Amended Complaint, as a written document, speaks for itself and Defendant's characterization of the contents of the First Amended Complaint is specifically denied. It is further averred that the assertions and claims made in the Complaint were reasonable and supported by a good faith belief in their accuracy.

17. Admitted in part and denied in part. It is admitted only that on or about April 29, 2011, a First Amended Complaint was filed in this matter. A copy of that First Amended Complaint is appended hereto as Exhibit "B." That First Amended Complaint, as a written document, speaks for itself and Defendant's characterization of the contents of that Complaint is

specifically denied.  It is further averred that the assertions and claims made in the Complaint were reasonable and supported by a good faith belief in their accuracy.  It is admitted that Plaintiff, through Mr. Schwartz, requested leave to amend as part of the relief sought.  However, that request was framed in the context of the Court having granted any part of Defendant's motion – in which case Plaintiff would be able to correct any deficiencies in the pleading in the Court's Order.  Instead, the Court granted leave to amend without ruling on Defendant's motion.  In the absence of any ruling from the Court, and based on the information available, as reflected in the Affidavits of Plaintiff and Mr. Schwartz to be submitted separately, a substantially similar First Amended Complaint was filed.  The First Amended Complaint was an attempt by the Plaintiff and counsel to sufficiently plead claims which were reasonable and as to which they had a good faith belief and as to which they had evidentiary support, or a belief that through discovery they would develop evidentiary support, without pleading specific allegations potentially embarrassing to Defendant.

18.     Admitted in part and denied in part.  It is admitted that Plaintiff's Complaint pleaded claims under Title VII and the ADA for a hostile work environment.  That Complaint is a written document, the terms of which speak for themselves, and Defendant's characterization of that document is specifically denied.  It is also admitted that Defendant's Motion to Dismiss challenged Plaintiff's factual basis for his claims asserting a hostile work environment under Title VII and the ADA.  By way of further answer, the Court did not rule on the merits of Defendant's Motion to Dismiss Plaintiff's initial Complaint.

19.     Admitted in part and denied in part.  It is admitted that Plaintiff filed a First Amended Complaint and that the First Amended Complaint pleaded claims for discrimination

and a hostile work environment under the ADA.  The First Amended Complaint is a written document, the terms of which speak for themselves and Defendant's characterization of those terms is specifically denied.  Plaintiff and Mr. Schwartz pleaded facts in that First Amended Complaint which they believe supported the claims for discrimination and a hostile work environment under established law and/or under a non-frivolous argument for extending, modifying or reversing existing law or for establishing new law.  By way of further answer, the Affidavits of Plaintiff and Mr. Schwartz to be submitted separately are incorporated herein by reference.

20. Denied.  The averments of the corresponding paragraph of Defendant's Motion are expressly denied.  To the contrary, Plaintiff and Mr. Schwartz pleaded facts in that First Amended Complaint which they believe supported the claims for discrimination and a hostile work environment under established law and/or under a non-frivolous argument for extending, modifying or reversing existing law or for establishing new law.  By way of further answer, the Affidavits of Plaintiff and Mr. Schwartz to be submitted separately are incorporated herein by reference.

21. Denied.  The averments of the corresponding paragraph of Defendant's Motion are specifically denied.  By way of further answer, the Affidavits of Plaintiff and Mr. Schwartz to be submitted separately are incorporated herein by reference.

22. Admitted in part and denied in part.  It is admitted that Plaintiff's Complaint pleaded claims under Title VII for discrimination and a hostile work environment.  That Complaint is a written document, the terms of which speak for themselves.  By way of further answer, Paragraphs 44 and 45 of the Complaint state as follows:

>	44.	Plaintiff is a white male.
>
>	45.	An abusive and hostile work environment exists when certain personal relationships transcend professionalism, making for discrimination when it comes to conditions of employment.  As such, it is actionable under Title VII as sexual or gender-based discrimination.

	23.	Denied as stated.  The Complaint actually avers at Paragraph 47 that: "Defendant is liable for the fact alleged herein because Defendant's top echelon established the corporate culture at the law firm which encouraged sexual favoritism and discrimination."  Plaintiff did not use the term "purportedly" in paragraph 47.

	24.	Denied.  The averments of the corresponding paragraph of Defendant's Motion are expressly denied.  To the contrary, Plaintiff and Mr. Schwartz pleaded facts in that First Amended Complaint which they believe supported the claims for discrimination and a hostile work environment under established law and/or under a non-frivolous argument for extending, modifying or reversing existing law or for establishing new law.  Further, Mr. Schwartz believed, based on his research into post-*Iqbal* pleading requirements, that he could "thread the needle" and plead the Title VII discrimination and hostile work environment claims by less specific allegations.   By way of further answer, the Affidavits of Plaintiff and Mr. Schwartz to be submitted separately are incorporated herein by reference.

	25.	Admitted in part and denied in part.  It is admitted that Plaintiff, through Mr. Schwartz, filed a Sur-Reply Memorandum of Law that is a writing that is part of the record and speaks for itself.  Defendant's characterization of that document is denied.  It is denied that Mr. Schwartz's April 6, 2011 correspondence "promised" to supply supposed details.  That

correspondence, which is part of the settlement negotiations in this case, and which Defendant proffers as evidence in violation of F.R.E. 408(a)(2), makes no such promises.

26.     Denied.  The averments of the corresponding paragraph of Defendant's Motion are expressly denied.  To the contrary, Plaintiff and Mr. Schwartz pleaded facts in that First Amended Complaint which they believe supported the claims for discrimination and a hostile work environment under established law and/or under a non-frivolous argument for extending, modifying or reversing existing law or for establishing new law.  By way of further answer, the Affidavits of Plaintiff and Mr. Schwartz to be submitted separately are incorporated herein by reference.  By way of further answer, Mr. Schwartz believed, based on his research into post-*Iqbal* pleading requirements, that he could "thread the needle" and plead the Title VII discrimination and hostile work environment claims by less specific allegations.

27.     Denied.  The averments of the corresponding paragraph of Defendant's Motion are specifically denied.  By way of further answer, the Affidavits of Plaintiff and Mr. Schwartz to be submitted separately are incorporated herein by reference.

28.     Denied.  The averments of the corresponding paragraph of Defendant's Motion are specifically denied.  By way of further answer, the Affidavits of Plaintiff and Mr. Schwartz to be submitted separately are incorporated herein by reference.

29.     Admitted in part and denied in part.  It is admitted that Plaintiff filed a First Amended Complaint and that the First Amended Complaint pleaded claims for discrimination based on gender and disability under the PHRA.  The First Amended Complaint is a written document, the terms of which speak for themselves and Defendant's characterization of those terms is specifically denied.  Plaintiff and Mr. Schwartz pleaded facts in that First Amended

Complaint which they believe supported the claims for discrimination and a hostile work environment under established law and/or under a non-frivolous argument for extending, modifying or reversing existing law or fo establishing new law.  By way of further answer, the Affidavits of Plaintiff and Mr. Schwartz to be submitted separately are incorporated herein by reference.

30.    Denied.  The averments of the corresponding paragraph of Defendant's Motion are specifically denied.  To the contrary, Plaintiff and Mr. Schwartz did not seek "to tread a fine line of avoiding the pleading of overt falsehoods and at which he could be thereafter caught pleading overt falsehoods while holding the anvil of a sexual harassment lawsuit over Defendant's head as a means of seeking to coerce a settlement from Defendant."  Rather, Plaintiff and Mr. Schwartz made a tactical decision not to include facts in their possession for reasons set forth the Affidavits to be submitted separately but incorporated herein by reference.

31.    Denied.  The averment of the corresponding paragraph of Defendant's Motion is specifically denied.  By way of further answer, the Affidavits of Plaintiff and Mr. Schwartz to be submitted separately are incorporated herein by reference.

32.    Admitted in part and denied in part.  It is admitted that Plaintiff filed a First Amended Complaint and that the First Amended Complaint pleaded a claim for breach of contract or quasi-contract.  The First Amended Complaint is a written document, the terms of which speak for themselves and Defendant's characterization of those terms is specifically denied.  Plaintiff and Mr. Schwartz pleaded facts in that First Amended Complaint which they believe supported the claim for breach of contract or quasi-contract under established law and/or under a non-frivolous argument for extending, modifying or reversing existing law or fo

establishing new law. By way of further answer, the Affidavits of Plaintiff and Mr. Schwartz, to be submitted separately, are incorporated herein by reference.

33. Admitted in part and denied in part. It is admitted that Plaintiff filed a First Amended Complaint and that the First Amended Complaint pleaded a claim for breach of contract or quasi-contract. The First Amended Complaint is a written document, the terms of which speak for themselves and Defendant's characterization of those terms is specifically denied. The thrust of Plaintiff's argument on quasi-contract is that, in light of the promises made by agents of the Defendant, it was against public policy to terminate Plaintiff, and therefore there was a quasi-contract implied in law. Plaintiff and Mr. Schwartz pleaded facts in that First Amended Complaint which they believe supported the claim for breach of contract or quasi-contract under established law and/or under a non-frivolous argument for extending, modifying or reversing existing law or fo establishing new law.

34. Admitted in part and denied in part. It is admitted that Plaintiff, through his counsel, filed a Sur-Reply Memorandum in Opposition to Defendant's Reply Brief. Further, Plaintiff, through his counsel, filed a Response and Memorandum in Opposition to Motion to Dismiss First Amended Complaint. Defendant omits Plaintiff's argument that an exception to the at-will doctrine will be recognized on public policy grounds when there is a wrongful discharge such as a termination based on discrimination due to disability. This argument was raised in both the Memorandum in Opposition and the Sur-Reply.

35. Denied. Plaintiff, through his counsel, filed a Sur-Reply Memorandum in Opposition to Defendant's Reply Brief. Further, Plaintiff, through his counsel, filed a Response and Memorandum in Opposition to Motion to Dismiss First Amended Complaint. Defendant

omits Plaintiff's argument that an exception to the at-will doctrine will be recognized on public policy grounds when there is a wrongful discharge such as a termination based on discrimination due to disability.  This argument was raised in both the Memorandum in Opposition and the Sur-Reply.

36.     Denied.  Plaintiff, through his counsel, filed a Sur-Reply Memorandum in Opposition to Defendant's Reply Brief.  Further, Plaintiff, through his counsel, filed a Response and Memorandum in Opposition to Motion to Dismiss First Amended Complaint.  Defendant omits Plaintiff's argument that an exception to the at-will doctrine will be recognized on public policy grounds when there is a wrongful discharge such as a termination based on discrimination due to disability.  This argument was raised in both the Memorandum in Opposition and the Sur-Reply.

37.     Denied.  The averments set forth in the corresponding paragraph of Defendant's Motion are specifically denied.  To the contrary, the causes of actions pleaded by Plaintiff, through Mr. Schwartz, were plausible causes of action under established law and/or under a non-frivolous argument for extending, modifying or reversing existing law or for establishing new law.  Further, each of the causes of action was supported by an evidentiary basis, albeit there was a tactical decision made not to plead all of the facts within the knowledge, information and belief of Plaintiff and Mr. Schwartz for the reasons set forth in the Affidavits filed separately and incorporated herein by reference.

38.     Admitted.

39.     Admitted.

40.     Admitted.

41.     Admitted.

42.     Denied as stated.  The decision of this Court, as reflected in the Memorandum of February 28, 2012, is a written document which speaks for itself and Defendant's characterization of the Memorandum is denied.

43.     Denied as stated.  The decision of this Court, as reflected in the Memorandum of February 28, 2012, is a written document which speaks for itself and Defendant's characterization of the Memorandum is denied.

44.     Denied as stated.  The decision of this Court, as reflected in the Memorandum of February 28, 2012, is a written document which speaks for itself and Defendant's characterization of the Memorandum is denied.

45.     Denied as stated.  The decision of this Court, as reflected in the Memorandum of February 28, 2012, is a written document which speaks for itself and Defendant's characterization of the Memorandum is denied.

46.     Denied as stated.  The decision of this Court, as reflected in the Memorandum of February 28, 2012, is a written document which speaks for itself and Defendant's characterization of the Memorandum is denied.

47.     Denied.  There is no basis for the issuance of sanctions in this matter. Defendant's Motion for Rule 11 Sanctions is without any merit.  The claims had an evidentiary basis, the claims were researched and based on existing law or a reasonable argument for extending existing law, and there was no improper purpose.

WHEREFORE, David M. Koller, Esquire and Mark Daniel Schwartz, Esquire respectfully request that this Honorable Court enter an Order denying Defendant's Rule 11 Motion for Sanctions.

                                                      Respectfully Submitted,

Date:   April 23, 2012                     By: <u>Geoffrey R. Johnson /s/</u>
                                                     Geoffrey R. Johnson, Esquire
                                                     Law Office of Geoffrey R. Johnson, LLC
                                                     1110 Wellington Road
                                                     Jenkintown, PA 19046
                                                     (215) 490-7436

                                                     Attorney for Mark Daniel Schwartz, Esquire
                                                     And David M. Koller, Esquire With Respect
                                                     to Fed.R.Civ.P. 11 Proceedings Only